# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AQUITANIA COLBERT,   &ast;
  Plaintiff,     &ast;
          &ast;
v.         &ast;  Case No.:
          &ast;
PUEBLO VILLAGE    &ast;
  APARTMENTS, LLC, a Florida &ast;
  Limited Liability Company; &ast;
and PHILIP TRACY,   &ast;
  Defendants.    &ast;
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR ACTUAL AND PUNITIVE DAMAGES

## I. PRELIMINARY STATEMENT

1. This is an action for damages, for discrimination in housing on the basis of race and for discrimination based on "intimidation."

2. Plaintiff, AQUITANIA COLBERT (hereinafter "Plaintiff"), brings this action pursuant to 42 U.S.C. § 3601 et seq of the federal Fair Housing Act based upon a claim of discrimination on the basis of race and for damages against Defendants for discriminating against her in contravention of 42 U.S.C. §3604(b) of the Fair Housing Act. Plaintiff also

brings this action pursuant to the Florida Fair Housing Act, §§ 760.20 – 760.37, Fla. Stat., and under Federal Rule of Civil Procedure Rule 58.

3.   Plaintiff also brings this action as well pursuant to § 3617 of the Fair Housing Act based upon Defendants' retaliatory actions against her because she exercised her rights granted under § 3604(b) of the Fair Housing Act; and she also brings an action pursuant to Florida "common law" for breach of contract.

4.   Plaintiff, as will be more fully set forth below, alleges that Defendants "retaliated" against Plaintiff when she exercised her rights under the federal and state Fair Housing Acts and discriminated against Plaintiff based on her race and, by reason of such "retaliation," "intimidation" and discrimination, violated 42 U.S.C.   §§ 3604(b) and 3617 well as §§ 760.23(2), and 760.37, Fla. Stat.

## II. JURISDICTION

5.   Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that this is "federal question" jurisdiction comprising a civil action arising under the laws of the United States.

6.   Jurisdiction is also conferred by 42 U.S.C. § 3613.

7.     Plaintiff's claims for actual and punitive damages are authorized by 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.

## III. PARTIES

8.     Plaintiff, AQUITANIA COLBERT (hereinafter "Plaintiff") is a natural person. At all times material hereto she has resided in Pinellas County, Florida.   At all times material hereto she qualified as a member of a protected class as defined by the Federal (42 U.S.C. § 3601 et seq) and Florida (§§ 760.20 – 760.37, Fla. Stat. (2023)) Fair Housing Acts.

9.     Defendant PUEBLO VILLAGE APARTMENTS, LLC (hereinafter "PUEBLO VILLAGE") is an active and current corporate entity which operates and exists under the laws of Florida. It has been the owner of the apartment complex located at 3600 49th Avenue North, St. Petersburg, Pinellas County, Florida since on or about December 16, 2020.   At all times material hereto Defendant PUEBLO VILLAGE has been subject to the provisions and requirements of the U.S. (42 U.S.C. § 3601 et seq) and Florida (Ch. 760, Part II, Fla. Stat.) Fair Housing Acts.

10.     Defendant PHILIP TRACY was, at all times material hereto, a manager or assistant manager of the apartment complex located at

3600 49th Avenue North, St. Petersburg, Pinellas County, Florida. At all times material hereto, he was acting within the scope of his employment with Defendant PUEBLO VILLAGE; he is subject to the provisions and requirements of 42 U.S.C. § 3601 et seq and §§760.20 – 760.37, Fla. Stat.; and he has authority, express or implied, to bind Defendant PUEBLO VILLAGE.

11.    Although Defendant PUEBLO VILLAGE's "principal address" is (pursuant to the Florida Division of Corporations database at www.sunbiz.org) located in California, all actions (as explained in more detail in the "Factual Allegations" hereinbelow) occurred in Pinellas County, Florida.

12.    Plaintiff at all times material hereto qualifies as a member of a protected class as a person of African-American and American Indian race or heritage who has been negatively impacted by the actions of Defendants which are in violation of 42 USC § 3604 and §3617 and §§760.23(2) and 760.37, Fla. Stat.

13.    Consistent with the foregoing, Plaintiff seeks actual and consequential damages, and punitive damages, for Defendants'

**-- Page 4 of 30  --**

discriminating against her based on her race, for "retaliating" against her for having exercised her rights under the federal and state Fair Housing Acts, and for having caused additional damages to Plaintiff as more fully alleged below.

## IV.  STATUTORY  BACKGROUND

### (FAIR HOUSING ACT / RACE DISCRIMINATION)

14.    The United States Fair Housing Act of 1968 ("Act" or "the Act"), as amended in 1988, 42 U.S.C. §§ 3601 - 3619, states at § 3601 the Act's "Declaration of Policy":

> It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States.

15.    Pertaining to Plaintiff's rights and Defendants' obligations herein, 42 U.S.C. § 3604(b) prohibits discrimination against persons on the basis of race, using the following language:

**§ 3604.    Discrimination in the sale or rental of housing and other prohibited practices**

As made applicable by section 3603 of this title and except as exempted by sections 3603 (b) and 3607 of this title, it shall be unlawful—

\*   \*   \*

**(b)**    To discriminate against any person in the terms, conditions, or  privileges of sale or rental of a dwelling unit, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

\*   \*   \*

16.    Other definitions in § 3602 that pertain to this lawsuit are set forth as follows:

**(b)**    **"Dwelling"** means any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof.

**(c)**    **"Family"** includes a single individual.

**(d)**    **"Person"** includes one or more individuals, corporations, partnerships, associations, labor organizations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, receivers, and fiduciaries.

**(e)**    **"To rent"** includes to lease, to sublease, to let and otherwise to grant for a consideration the right to occupy premises not owned by the occupant.

**(f)**    **"Discriminatory housing practice"** means an act that is unlawful under section 3604, 3605, 3606, or 3617 of this title.

\*   \*   \*

**(I)**   **"Aggrieved person"** includes any person who--

  **(1)**   claims to have been injured by a discriminatory housing practice; or

  **(2)**   believes that such person will be injured by a discriminatory housing practice that is about to occur.

\*   \*   \*

**(o)**   **"Prevailing party"** has the same meaning as such term has in section 1988 of this title.

17.   42 U.S.C. § 3617 provides that it is "unlawful to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of  his having exercised or enjoyed,  or on account of his having aided  or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

18.   42 U.S.C. § 3613 grants to aggrieved persons, such as Plaintiff herein, the right to bring a civil action in the appropriate United

States District Court in accordance with the following pertinent parts of said

statute:

## § 3613   Enforcement by Private Persons

**(a)     Civil action**

(1)     (A)     An aggrieved person may commence a civil
action in an appropriate United States
district court . . .  not later than 2 years after
the occurrence or the termination of an
alleged discriminatory housing practice . . . .
to obtain appropriate relief with respect to
such discriminatory housing practice or
breach.

(B)     The computation of such 2-year period shall
not include any time during which an
administrative proceeding under this
subchapter was pending with respect to a
complaint or charge under this subchapter
based upon such discriminatory housing
practice. . . .

*     *     *

**(c)     Relief which may be granted**

(1)     In a civil action under subsection (a) of this
section, if the court finds that a discriminatory
housing practice has occurred or is about to occur,
the court may award to the plaintiff actual and
punitive damages, and subject to subsection (d) of

**-- Page 8 of  30  --**

this section, may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).

(2)     In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs. The United States shall be liable for such fees and costs to the same extent as a private person.

\*     \*     \*

19.     §760.21 of the Florida "Fair Housing Act" (§§760.20 – 760.37, Fla. Stat.) states that "It is the policy of this state to provide, within constitutional limitations, for fair housing throughout the state."

20.     §760.22(3) defines "discriminatory housing practice" to mean "an action that is unlawful under the terms of ss. 760.20 – 760.37." §760.22(4) defines "dwelling" as "any building or structure, or portion thereof, which is occupied as, or designed or intended for occupancy as, a residence by one or more families.  . . ". §760.22(6) defines "family" to include "a single individual."

21.    §760.23(1)  provides that "[i]t is unlawful to refuse to sell or rent after the making of a bona fide offer, to refuse to negotiate for the sale or rental of, or otherwise to make unavailable or deny a dwelling to any person because of race, color, national origin, sex, handicap, familial status, or religion."

22.    §760.23(2) provides that "[i]t is unlawful to discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, national origin, sex, handicap,  familial status, or religion."

23.    §760.37  provides that "[i]t  is  unlawful  to  coerce, intimidate, threaten or interfere  with any person in the exercise of, or on account of her or his having exercised, or on account of her or his having aided or encouraged any other person in the exercise of any right granted under Florida's "Fair Housing Act."

24.    §760.34(4) and §760.35 grant to aggrieved persons, such as Plaintiff herein, the right to bring a civil action in the appropriate United States District Court and to the awarding of a "reasonable attorney's fee"

and court costs if the court finds that a discriminatory housing practice has occurred.

25.     Pertaining to Plaintiff's rights and Defendants' obligations herein, the prohibitions delineated in 42 USC §§3604 (b) and 3617, and §§ 760.23(2) and 760.37, Fla. Stat. apply.

26.     Pertaining to Plaintiff's rights and Defendants' responsibilities, the definitions delineated in Paragraphs 15 through 18 and 20 through 24 of this Complaint apply.

27.     Pertaining to Plaintiff's rights and Defendants' responsibilities, the "relief" and "enforcement actions" delineated in Paragraphs 18 and 24 of this Complaint apply.

## IV.  FACTUAL ALLEGATIONS

28.     Approximately February 2018, Plaintiff began to reside in the apartment located at 3600  49th Avenue North, Unit 8-B, St. Petersburg, Pinellas County, Florida, along with her minor child. At that time the apartment complex was owned by Waterside Village Apartments,

LLC, a corporate entity which was administratively dissolved in September 2021.

29.     Upon information and belief, later during 2018, one MICHELLE KOTT, moved into an apartment located in Defendant's apartment complex,  at 3580 49th Avenue North Unit 3, St. Petersburg, Pinellas County, Florida.

30.     In October 2020 Plaintiff gave birth to another  (second) child while residing at the subject apartment complex.

31.     Defendant PUEBLO VILLAGE bought the subject apartment complex from Waterside Village Apartments, LLC by way of a "General Warranty Deed" dated December 16, 2020.

32.     During 2020, MICHELLE KOTT began displaying threatening behavior in the presence of Plaintiff, Plaintiff's minor children, and other residents of  and visitors to the subject apartment complex.

A.  In one incident which, upon information and belief, occurred in October 2020, Plaintiff was required to leave work to return to her apartment after Plaintiff learned that MICHELLE KOTT was spotted looking through the window to Plaintiff's apartment,

reportedly while her minor children were inside the apartment. Subsequently, Plaintiff spotted MICHELLE KOTT outside of Plaintiff's apartment when MICHELLE KOTT called her a "black ni**er" and threatened Plaintiff with physical harm.

B.    In another incident, upon information and belief, in October 2021, while one of Plaintiff's two minor children who live with Plaintiff was playing outside at Defendant's apartment complex, Michelle Kott drove past the minor child (whose initials are Z. W.) and yelled out "you black bitch" to her.

C.    In yet another incident, upon information and belief, in either October or November 2021, a "subcontractor" named Daniel Hird, while attempting to repair an item in Plaintiff's apartment, heard Michelle Kott refer to either Plaintiff or one of Plaintiff's minor resident children as a "ni**er."

D.    In yet another incident, upon information and belief some between October 2021 and December 2021, while one Ashley Wade, an employee (at the time) for a car lot, was at the subject apartment complex to repossess a car, MICHELLE KOTT

approached Ashley Wade while MICHELLE KOTT was in an automobile and referred to Plaintiff's minor children as "ni**er bitches."

       E.     In yet another incident, upon information and belief, on about November 7, 2021, MICHELLE KOTT cornered one of Plaintiff's minor children (whose initials are Z. W.) in a laundry room at Defendant's apartment complex, screamed derogatory racial epithets at the minor child, held the child by the child's arm without the child's consent, and also ordered the child to "get the hell away from me" and to "f**k off."

33.    Plaintiff reported the November 7, 2021 incident to the Pinellas County Sheriff's Office.

34.    Plaintiff and others who witnessed these and other similar incidents relating to actions and statements of MICHELLE KOTT also reported them to Defendant PUEBLO VILLAGE via its agent TRACY.

35.    However, Defendant TRACY, acting within the scope of his employment, refused to take action against MICHELLE KOTT and told Plaintiff and the others who reported the aforedescribed and other similar

incidents that he and Defendant PUEBLO VILLAGE would not be "getting involved" in appropriately addressing MICHELLE KOTT's highly offensive actions.

36.   Defendants knew, or should have known, that their refusal to appropriately address MICHELLE KOTT's highly offensive actions was clearly putting Plaintiff and her children at risk and that they were being denied the peaceful enjoyment of the premises to which they were entitled. Defendants' refusal to appropriately address MICHELLE KOTT's highly offensive actions was clearly unreasonable under the circumstances.

37.   On or about November 24, 2021, Plaintiff filed a "Housing Discrimination Complaint" with the Pinellas County Office of Human Rights, claiming that Defendants discriminated against her based on her race and color (Black) by, inter alia, refusing to take action against MICHELLE KOTT.   A copy of this complaint (with confidential information redacted) is attached as **Plaintiff's Exhibit "1"** and its contents are incorporated herein by reference.

38.     The "Housing Discrimination Complaint" was assigned a Department of Housing and Urban Development Case Number 04-22-9238-8 and a Pinellas County (Office of Human Rights) case number PC-22-014.

39.     Upon information and belief, during November 2021 Plaintiff notified either Defendant TRACY or another authorized agent of Defendant PUEBLO VILLAGE, or both, that she would not be renewing her lease, scheduled per its terms to terminate on or about December 31, 2021, due to Defendants' failure to provide Plaintiff and her family with peaceful, safe enjoyment of her rental premises.

40.     Despite said notice, and in retaliation for the filing of the Fair Housing complaint as set forth above,  Defendant PUEBLO VILLAGE, via an attorney, filed a "Complaint" (assigned Pinellas County Civil Case Number 22-289-CO-42) against Plaintiff for possession of her apartment, resulting in slander of credit to Plaintiff and other damages.

41.     The aforedescribed eviction "Complaint" was served by posting on or about January 20, 2022; Defendant obtained a "default" and judgment in Pinellas County Civil Case Number 22-289-CO-42 on or about

February 2, 2022; and the clerk of court issued a Writ of Possession on February 3, 2022.

42.   The "Return of Service" filed in the case indicates that when a deputy sheriff served the Writ on February 16, 2022, the "property was vacant."

43.   On or about July 12, 2022, the Pinellas County Office of Human Rights issued a "Determination,"  concluding that there was "reasonable cause" to believe that Defendants "violated Section 818 of the [federal Fair Housing] Act and Chapter 70 of the Pinellas County Code by subjecting [Plaintiff] to a racially hostile environment." ("Section 818 of the Act" is codified as 42 U.S.C. §3617, and its Florida counterpart is §760.37, Fla. Stat. "Chapter 70 of the Pinellas County Code" is Pinellas County's version of the Fair Housing Act.)   A copy of this "Determination" is attached as **Plaintiff's Exhibit "2"** and its contents are incorporated herein by reference.

44.   Plaintiff was damaged by Defendants' failure to provide her with the safe, peaceful enjoyment of her premises as required when they failed and refused to address the racially offensive actions of the tenant

MICELLE KOTT and by Defendant PUEBLO VILLAGE's retaliatory conduct (by, inter alia, filing Pinellas County Civil Case Number 22-289-CO-42). As a result, Plaintiff suffered emotional distress for which she has sought psychological counseling for herself and her minor children; Plaintiff and her family lived out of a pickup truck for a month after vacating the premises; she incurred costs of moving into an apartment after eventually finding shelter; she is entitled to the difference between the rental amount while she was living at Defendant PUEBLO VILLAGE's apartment complex and the rent amount for where she eventually found permanent shelter; and she incurred other damages.

## V. <u>CLAIMS FOR RELIEF</u>

### COUNT I — PLAINTIFF'S CLAIM FOR MONETARY RELIEF AGAINST DEFENDANT PUEBLO VILLAGE APARTMENTS, LLC (DISCRIMINATION)

45. Plaintiff hereby incorporates by reference her allegations contained in ¶ 1 through ¶ 44 above.

46. Defendant PUEBLO VILLAGE APARTMENTS, LLC (hereinafter "PUEBLO VILLAGE") had an affirmative duty, obligation and

responsibility to establish, maintain and implement policies to comply with the provisions of the U.S. and Florida Fair Housing Acts.

47.     Defendant PUEBLO VILLAGE violated 42 U.S.C. §3604(b) and §760.23(2), Fla. Stat. by, inter alia, failing to take appropriate action against tenant MICHELLE KOTT after Plaintiff and others (as more fully explained in the "Factual Allegations" portion of this Complaint hereinabove) reported MICHELLE KOTT's actions and statements to Defendants and by (instead) filing a Pinellas County Court eviction "Complaint" against Plaintiff (as more fully explained in the "Factual Allegations" portion of this Complaint hereinabove).

48.     Taking discriminatory actions against a resident with who is a member of a protected class is a violation of the Federal and Florida Fair Housing Acts.

49.     Within the meaning of 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat., Plaintiff has incurred compensatory damages because of Defendant PUEBLO VILLAGE's aforedescribed unlawful acts and/or failure and/or refusal to act.

50.    To the extent that Defendant PUEBLO VILLAGE's violations of 42 U.S.C. § 36o4((b) and §760.23, Fla. Stat. were  willful and wanton or in reckless disregard of the consequences, Plaintiff is entitled to punitive damages from said Defendant pursuant to 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.

51.    Should Plaintiff be the prevailing party in this action, Plaintiff will be entitled to an award of the costs of this action and to an award of  a reasonable attorney's fee from Defendant PUEBLO VILLAGE pursuant to 42 U.S.C. § 3613(c)(2) and §760.35, Fla. Stat.

**WHEREFORE,**  Plaintiff respectfully prays that this Court will:

A.    Find that Defendant PUEBLO VILLAGE has violated 42 U.S.C. § 3604(b) and §760.23(2), Fla. Stat. based on its actions as delineated hereinabove;

B.    Award to Plaintiff such actual and punitive damages from Defendant PUEBLO VILLAGE as she shall prove under 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.;

C.   Award to Plaintiff from Defendant PUEBLO VILLAGE the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2) and §760.35, Fla. Stat.;

D.   Grant such other and further relief from Defendant PUEBLO VILLAGE to Plaintiff as may be just and equitable under the circumstances.

## COUNT  II— PLAINTIFF'S CLAIM FOR MONETARY RELIEF AGAINST  DEFENDANT PHILIP TRACY (DISCRIMINATION)

52.    Plaintiff hereby incorporates by reference her allegations contained in ¶ 1 through ¶ 44 above.

53.    Defendant PHILIP TRACY (hereinafter "TRACY") had an affirmative duty, obligation and responsibility to comply with the provisions of the U.S. and Florida Fair Housing Acts.

54.    Defendant TRACY violated 42 U.S.C. §3604(b) and §760.23(2), Fla. Stat. by, inter alia, failing to take appropriate action against MICHELLE KOTT after Plaintiff and others (as more fully explained in the "Factual Allegations" section of this Complaint) reported MICHELLE KOTT's action and statements to Defendants and by (instead) assisting in

the filing of a Pinellas County Court eviction action against Plaintiff (as more fully explained in the "Factual Allegations" portion of this Complaint hereinabove).

55.    Taking discriminatory actions against a resident who is a member of a protected class is a violation of the Federal and Florida Fair Housing Acts.

56.    Within the meaning of 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat., Plaintiff has incurred compensatory damages because of Defendant TRACYs unlawful acts.

57.    To the extent that Defendant TRACY's violations of 42 U.S.C. § 3604((b) and §760.23(2), Fla. Stat. were willful and wanton or in reckless disregard of the consequences, Plaintiff is entitled to punitive damages from said Defendant pursuant to 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.

58.    Should Plaintiff be the prevailing party in this action, Plaintiff will be entitled to an award of the costs of this action and to an award of  a reasonable attorney's fee from Defendant TRACY pursuant to 42 U.S.C. § 3613(c)(2) and §760.35, Fla. Stat.

**-- Page 22 of  30  --**

**WHEREFORE,** Plaintiff respectfully prays that this Court will:

A.    Find that Defendant TRACY has violated 42 U.S.C. § 3604(b) and §760.23(2), Fla. Stat. in actions it took against Plaintiff as described hereinabove;

B.    Award to Plaintiff such actual and punitive damages from said Defendant as she shall prove under 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.;

C.    Award to Plaintiff from said Defendant the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2) and §760.35, Fla. Stat.;

D.    Grant such other and further relief from said Defendant to Plaintiff as may be just and equitable under the circumstances.

## COUNT III — CLAIM FOR MONETARY RELIEF BY PLAINTIFF AGAINST DEFENDANT PUEBLO VILLAGE APARTMENTS, LLC (INTERFERENCE/ COERCION/ INTIMIDATION)

59.    Plaintiff hereby incorporates by reference her allegations contained in ¶1 through ¶44 above.

**-- Page 23 of 30 --**

60.     Defendant PUEBLO VILLAGE APARTMENTS, LLC
(hereinafter "PUEBLO VILLAGE") had an affirmative duty, obligation and
responsibility to establish, maintain and implement policies to comply with
the provisions of the U.S. and Florida Fair Housing Acts.

61.     Defendant PUEBLO VILLAGE violated 42 U.S.C. §
3617 and §760.37, Fla. Stat. by,  inter alia, as more fully explained in
Paragraphs 28 through 44 hereinabove, by coercing, intimidating,
threatening, or interfering with Plaintiff on account of her having exercised
her rights granted or protected by the Federal and state Fair Housing Acts
after she filed her Fair Housing Act claim with the Pinellas County Office of
Human Rights.

62.     Within the meaning of 42 U.S.C. § 3613(c)(1) and
§760.35, Fla. Stat., Plaintiff has incurred compensatory damages because of
Defendant PUEBLO VILLAGE's unlawful acts and/or failure and/or refusal
and delay to act.

63.   To the extent Defendant PUEBLO VILLAGE's violations
of 42 U.S.C. §3617 and §760.37, Fla. Stat. were willful and wanton or in
reckless disregard of the consequences, Plaintiff is entitled to punitive

damages from said Defendant pursuant to 42 U.S.C. §3613(c)(1) and §760.35, Fla. Stat.

      64.    Should Plaintiff be the prevailing party in this action, Plaintiff will be entitled to an award from Defendant PUEBLO VILLAGE of the costs of this action and to an award of a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2) and §760.35, Fla. Stat.

      **WHEREFORE,** Plaintiff prays that this Court will:

A.    Declare that Defendant PUEBLO VILLAGE has violated 42 U.S.C. §3617 and §760.37, Fla. Stat. by also coercing, intimidating, threatening or interfering with Plaintiff on account of her having exercised her rights granted or protected by the federal and Florida Fair Housing Acts;

B.    Award to Plaintiff from said Defendant such actual and punitive damages as she shall prove under 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.

C.    Award to Plaintiff from said Defendant the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. §3613(c)(2) and §760.35, Fla. Stat.

**-- Page 25 of 30 --**

D.    Grant such other and further relief to Plaintiff from said Defendant as may be just and equitable under the circumstances.

### COUNT IV– CLAIM FOR MONETARY RELIEF BY PLAINTIFF AGAINST DEFENDANT PHILIP TRACY (INTERFER-ENCE/COERCION/INTIMIDATION)

65.    Plaintiff hereby incorporates by reference her allegations contained in ¶1 through ¶44 above.

66.    Defendant PHILIP TRACY (hereinafter "TRACY") had an affirmative duty, obligation and responsibility to comply with the provisions of the U.S. and Florida Fair Housing Acts.

67.    Defendant TRACY violated 42 U.S.C. § 3617 and §760.37, Fla. Stat. by, inter alia, as more fully explained in Paragraphs 28 through 44 hereinabove, by coercing, intimidating, threatening, or interfering with Plaintiff on account of her having exercised her rights granted or protected by the Federal and Florida Fair Housing Acts after she filed a discrimination charge with the Pinellas County Office of Human Rights, as more fully explained hereinabove.

68.    Within the meaning of 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat., Plaintiff has incurred compensatory damages because of said Defendant's unlawful acts and/or failure and/or refusal and delay to act.

69.    To the extent Defendant TRACY's violations of 42 U.S.C. §3617 and §760.37, Fla. Stat. were willful and wanton or in reckless disregard of the consequences, Plaintiff is entitled to punitive damages from said Defendant pursuant to 42 U.S.C. §3613(c)(1) and §760.35, Fla. Stat.

70.    Should Plaintiff be the prevailing party in this action, Plaintiff will be entitled to an award from said Defendant of the costs of this action and to an award of a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2) and §760.35, Fla. Stat.

**WHEREFORE,** Plaintiff prays that this Court will:

A.    Declare that Defendant TRACY has violated 42 U.S.C. §§   3617 and §760.37, Fla. Stat. by coercing, threatening or interfering with Plaintiff on account of her having exercised her rights granted or protected by the federal and Florida Fair Housing Acts;

B.      Award to Plaintiff from said Defendant such actual and punitive damages as she shall prove under 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.

C.      Award to Plaintiff from said Defendant the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. §3613(c)(2) and §760.35, Fla. Stat.

D.      Grant such other and further relief to Plaintiff from said Defendant as may be just and equitable under the circumstances.

## COUNT V -  BREACH OF CONTRACT

71.     Plaintiff incorporates by reference her allegations contained in ¶ 1 through ¶ 44 above.

72.     This is a claim by Plaintiff against Defendants for breach of a contract entered into by Plaintiff and Defendant PUEBLO VILLAGE.

73.     Jurisdiction is conferred on this Court by 28 U.S.C. §1367 "supplemental jurisdiction" and/or pendent jurisdiction based on applicable federal case law.

74.     On or about May 26, 2021, Plaintiff and Defendant PUBELO VILLAGE entered into an "Apartment Lease Contract" for Plaintiff's tenancy at 3600 – 49th Street North, Apartment #8B, St. Petersburg, Pinellas County, Florida. A copy of this contract is attached as **Plaintiff's Exhibit "3"** and its contents are incorporated herein by reference.

75.     Paragraph 21 of the "Apartment Lease Contract," in pertinent part, specifically prohibits tenants from "engaging in or threatening violence; … engaging in criminal activity that threatens the health, safety or right to peaceful enjoyment of others in or near  the apartment community (regardless of arrest or conviction)."

76.     Paragraph 32 of the "Apartment Lease Contract," titled "Responsibilities of Owner," in pertinent part requires that Defendants act "with customary diligence to … (3) comply with applicable federal, state and local laws regarding safety, sanitation and fair housing."

77.     As more fully explained in more detail in ¶ 1 through ¶ 44 above, Defendants breached Paragraph 21 and/or Paragraph 32 of the "Apartment Lease Contract" by failing to take appropriate actions against tenant MICHELLE KOTT after Plaintiff and others who witnessed

MICHELLE KOTT's actions and statements reported them to Defendant PUEBLO VILLAGE via its agent TRACY and other agents.

78.     As more fully explained in ¶44 of this Complaint, Plaintiff was damaged by Defendants' breach of the "Apartment Lease Contract" and Defendants' failure to provide Plaintiff with safe, peaceful enjoyment of the leased premises.

**WHERFORE**, Plaintiff prays that this Court will:

A.     Grant Plaintiff actual and compensatory damages;

B.     Grant such other and further relief to Plaintiff as may be just and equitable under the circumstances;

C.     Award to Plaintiff the costs of this action, including any attorney's fee which may be authorized under Florida law.

Respectfully Submitted,
BAY AREA LEGAL SERVICES, INC.

By:   **/s/ JAMES J. MOSS, Esq.**
**James J. Moss, Esq.**
**4948 Central Avenue**
**St. Petersburg, FL 33707**
**727-490-4040 ext. 104**
**FAX 727-201-4331**
**Florida Bar #821421**
**e-mail: jmoss@bals.org**
**(secondary: mclay@bals.org)**
**TRIAL COUNSEL for Plaintiff**

**-- Page 30 of 30 --**